**DeEdra Raper FRANKLIN**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 9, 2011.

Decided Jan. 11, 2012.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

Garry Wamser, Bloomsburg, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau), appeals from the July 5, 2011, order of the Court of Common Pleas of the 26th Judicial District, Columbia County Branch (trial court), which sustained the appeal of DeEdra Raper Franklin (Licensee) from the Bureau's suspension of her operating privilege. We affirm.

In October 2009, Licensee's minor son, Charles Franklin (Franklin), took an automobile belonging to Thomas and Deborah Kresch without their permission. While operating the vehicle, Franklin was involved in an accident and damaged the vehicle. The Kresches filed a civil suit against Franklin and Licensee, asserting causes of action for conversion and negligence against Franklin and for parental liability against Licensee under section 5502 of the Parental Liability Act (PLA), 23 Pa.C.S. § 5502.[1]

1. Section 5502 of the PLA provides:     Any parent whose child is found liable ...

Subsequently, a $2,500.00 default judgment was entered against Licensee under the PLA.[2] To date, Licensee has not paid the judgment. Upon receiving notice of the unsatisfied judgment against Licensee, the Bureau issued a notice of suspension of Licensee's operating privilege pursuant to section 1772(a) of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. C.S. § 1772(a).[3]

Licensee timely appealed to the trial court, which held a hearing *de novo* on June 27, 2011. The trial court sustained Licensee's appeal, concluding that a judgment imposed under the PLA is not a judgment "arising from a motor vehicle accident" under section 1771 of the MVFRL. The Bureau now appeals from that decision.[4]

The issue on appeal is whether the MVFRL mandates the suspension of a person's operating privilege for an unsatisfied judgment entered against that person under the PLA. The Bureau claims that the language "any judgment arising from a motor vehicle accident" in section 1771(a) of the MVFRL includes a judgment entered under the PLA, where such judgment arises from a parent's vicarious liability for a child's tortious act while operating a motor vehicle. We disagree.

This issue appears to be one of first impression in Pennsylvania, as we have discovered no case law directly on point. However, we find *Department of Transportation, Bureau of Driver Licensing v. Benner,* 151 Pa.Cmwlth. 131, 616 A.2d 181 (1992), instructive here. Nolan Benner, a striking truck driver, threw an eighteen-pound rock from an overpass through the windshield of a truck driven by a non-striking driver. The trial court refused to suspend Benner's license under section 1772 of the MVFRL for his failure to pay the judgment that arose from the accident. On appeal, this court stated that "motor vehicle accident" is a term " 'of common parlance ... and the coverage of the [MVFRL] is limited to motor vehicle accidents while *maintaining or using the same.*' " *Id.* at 183 (citation omitted; emphasis in original). We further noted that Benner's conduct "did not involve the use of an automobile *owned or operated by Benner.*" *Id.* at 184 (emphasis added). Thus, we concluded that Benner's license could not be suspended because the judgment did not arise from a motor vehicle accident.[5]

---

of a tortious act shall be liable to the person who suffers the injury to the extent set forth in this chapter.
23 Pa.C.S. § 5502. "Tortious act" is defined as "[a] willful tortious act resulting in injury."
23 Pa.C.S. § 5501.

2. $2,500.00 is the statutory limit of liability for parents under section 5505(a)(2) of the PLA. 23 Pa.C.S. § 5505(a)(2).

3. Section 1771(a) of the MVFRL provides:

Whenever any person fails within 60 days to satisfy any judgment arising from a motor vehicle accident, the judgment creditor may forward to the [Bureau] a certified copy of the judgment.
75 Pa.C.S. § 1771(a). Section 1772(a) of the MVFRL provides:

The [Bureau], upon receipt of a certified copy of a judgment, shall suspend the operating privilege of each person against whom the judgment was rendered except as otherwise provided in this section....
75 Pa.C.S. § 1772(a).

4. Our scope of review is limited to determining whether the trial court's factual findings are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion. *Smith v. Department of Transportation, Bureau of Driver Licensing,* 892 A.2d 36, 38 n. 1 (Pa.Cmwlth. 2005).

5. In reaffirming the *Benner* court's interpretation of "motor vehicle accident," we noted in *Smith,* 892 A.2d at 40 n. 4 (emphasis added), that "Benner should not be subject to a sus-

Here, Licensee's involvement in a motor vehicle accident was even further removed than that of Benner. Benner's act of throwing a rock through a truck driver's windshield was a cause of the motor vehicle accident. On the other hand, Licensee had no involvement, either direct or indirect, in her son's motor vehicle accident. Moreover, as in *Benner*, Franklin's accident did not involve the use of an automobile owned or operated by Licensee. Licensee's liability under the PLA arose exclusively from her parental relationship to her son, not from the accident itself.

We cannot accept the Bureau's broad interpretation of the MVFRL in this case. Our court has recognized that "the purpose behind the enactment of Section 1772 of the MVFRL was to both promote the financial responsibility of drivers and aid in the collection of debts against negligent owners and drivers." *Smith v. Department of Transportation, Bureau of Driver Licensing*, 892 A.2d 36, 39 (Pa.Cmwlth. 2005). Consistent with this principle, section 1772(c) of the MVFRL provides that a person whose operating privilege is about to be suspended can be relieved of the effect of the unsatisfied judgment if he or she "files evidence satisfactory to the [Bureau] that financial responsibility was in force and effect at the time of the accident resulting in the judgment. . . ." 75 Pa.C.S. § 1772(c). We do not believe that the MVFRL's purpose is served by suspending the operating privilege of a parent whose only liability resulted from her rela-

tionship to her child and not from her operation or ownership of a motor vehicle.[6]

The Bureau also claims that the trial court exceeded the scope of its authority when it found that Franklin did not commit a tortious act, as the proper forum to litigate that issue was the underlying civil suit, not the suspension appeal. (Bureau's Br. at 13–14.) Contrary to the Bureau's assertion, however, the trial court did not make such a finding. Rather, it noted that Franklin's "tortious act," as that term is defined in the PLA, "was the stealing or misappropriation of [the Kresches'] car" and that Licensee's vicarious liability arose from that conduct. (Trial Ct. Op., 6/29/11, at 3.) Given that Licensee has never challenged her liability under the PLA for her son's conduct, we find no error in the trial court's statement.

In sum, we hold that the judgment imposed on Licensee under the PLA is not a judgment arising from a motor vehicle accident under the MVFRL, thereby subjecting her to a license suspension for nonpayment. Therefore, we conclude that the trial court correctly sustained Licensee's appeal.

Accordingly, we affirm.

Judge SIMPSON concurs in the result only.

### ORDER

AND NOW, this 11th day of January, 2012, we hereby affirm the July 5, 2011, order of the Court of Common Pleas of the

---

pension of his driving privileges under [Section 1772 of the MVFRL] for an intentional act *unrelated to his operation of a motor vehicle.*"

6. Moreover, as Licensee points out, the PLA makes no reference to a loss of operating privileges as a penalty for an unpaid judg-

ment. Such a penalty, on its face, exceeds the limitations on liability provided for in the statute, which states that a parent is only liable *"to the extent set forth in this chapter."* 23 Pa.C.S. § 5502 (emphasis added); *see* 23 Pa.C.S. § 5505 (setting forth monetary limits of liability).